**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12–cv–03238–RM

DEBORAH S. CHRISTIAN,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security of the Social Security Administration,[1]

      Defendant.

---

## ORDER

---

      This matter is before the Court on Plaintiff Deborah S. Christian's ("Plaintiff") request for judicial review pursuant to 42 U.S.C. § 405(g).  (ECF No. 1.)  Plaintiff challenges the final decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, by which she denied Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act").  The Administrative Law Judge ("ALJ") ruled Plaintiff was not disabled within the meaning of the Act and therefore not entitled to DIB.

      Defendant provided the Court with the administrative record.  (ECF Nos. 9; 9-1; 9-2; 9-3; 9-4; 9-5; 9-6; 9-7; 9-8; 9-9; 9-10; 9-11.)  The parties have fully briefed the matter and it is ripe for adjudication.  (ECF Nos. 13; 14; 15.)

---

[1] In accordance with Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this action.

For the reasons set forth below, the Court VACATES Defendant's denial of Plaintiff's

DIB application and REMANDS for further proceedings.

## I.      BACKGROUND

Plaintiff applied for DIB in October 2009, alleging she was disabled as of July 17, 2009,

due to the following conditions that allegedly limit her ability to work:  osteoarthritis,

fibromyalgia, thoracic outlet syndrome, lesion on brain, and sleep apnea.  (Admin. R. ("Tr.") at

67-68.)  After Plaintiff's application was initially denied, Plaintiff requested a hearing before an

ALJ which was held in February 2011.  (Tr. 31-65, 79.)  Following the hearing, the ALJ issued a

decision on May 25, 2011 (Tr. 11-24.)  Plaintiff requested the Appeals Council to review the

ALJ's decision and such review was denied on October 18, 2012.  (Tr. 1-5.)  Plaintiff timely

requested judicial review before the Court.

### A.      Background and Relevant Medical Evidence[1]

Plaintiff was born in 1954.  (Tr. 36.)  Plaintiff has a Bachelor of Science degree.  (Tr. 36.)

Plaintiff's past work includes post-office clerk (Tr. 40-41) and office helper (Tr. 42) for the

United States Postal Service ("USPS").

Plaintiff claims she became disabled on July 17, 2009.  (Tr. 185.)  Plaintiff claims she is

disabled due to the effects of chronic pain stemming from fibromyalgia, arthritis, cervical

degenerative disc disease, bilateral upper extremity cumulative trauma disorders, including

carpal tunnel syndrome and thoracic outlet syndrome. (Tr. 37, 52-53, 67.)

Dr. Joyce Michael has provided medical treatment to Plaintiff since 1990.  (Tr. 255, 413-

31, 537-72.)  Plaintiff received her fibromyalgia diagnosis in 1990.  (Tr. 355.)  During the time

Dr. Michael has treated Plaintiff, Plaintiff has been also diagnosed with left shoulder tendinitis

and osteoarthritis, tendinitis of the right ankle, idiopathic edema, chronic sleep disorder, irritable

---

[1] The Court will not discuss impairments or conditions that are not at issue in Plaintiff's opening brief.

bowel syndrome, and sleep apnea. (Tr. 255.) With respect to Plaintiff's sleep apnea, Plaintiff

underwent unsuccessful surgery in an attempt to alleviate the associated symptoms. (Tr. 255.)

In 1996, Plaintiff had surgery on her left arm to correct carpal tunnel syndrome. (Tr. 255.)

In addition to Dr. Michael, Plaintiff received treatment from various medical providers at

Colorado Springs Neuro Associates (Tr. 440-47, 482-93, 573-78), Colorado Psychological

Consultants (Tr. 479-81) and Premier Orthopedics (Tr. 466-78, 525-31, 593-605.)

Plaintiff worked for USPS from 1989 until July 2009. (Tr. 223, 479.) During the time of

her employment with USPS, Plaintiff developed certain conditions which affected her work

abilities. (Tr. 222, 272-75.) USPS afforded Plaintiff with various accommodations. (Tr. 272.)

In September 2008, Dr. Michael placed Plaintiff on the following restrictions:

> The patient is not to carry above 10 pounds for more than 1 hour per day and she
> can lift or carry up to 5 pounds up to 6 hours per day. She is able to sit for all 6
> hours and can stand for 1 hour and walk for 1-3 hours. She can do repetitive
> motion of her hands for 1-3 hours and she is unable to climb or kneel. The patient
> is unable to pull or push more than 10 pounds for 1 hour at a time and grasping is
> limited to 1-3 hours. Due to her complaints of increasing pain, fatigue, swelling,
> and nocturia, it was requested that the patient not work past 3:00 p.m. The patient
> also has an FMLA packet in place due to the fact that she has occasional flares of
> her symptoms and is unable to go into work on time and may also miss anywhere
> from 1-3 days at a time every 1-2 months. Since the patient was having trouble
> getting up early for work due to pain and fatigue, it was requested she should not
> have to report to work before 9:00 a.m.

(Tr. 257.) In October 2008, Dr. Glen Kelley provided a second opinion with respect to

Plaintiff's need for FMLA leave. (Tr. 355-58.) Dr. Kelley found that Plaintiff can be expected

to be absent 2 days per month, up to 15 minutes late 1-2 days per month, she could work a 6-

hour day with no work after 3 p.m. and that these restrictions would last until Plaintiff reached

retirement agent. (Tr. 183-84; 356-357.) In March 2009, Dr. Michael limited Plaintiff to no

more than 4 hours of work per day. (Tr. 257.) USPS was unable to accommodate this additional

limitation and thus, Plaintiff qualified for disability retirement. (Tr. 251.) Plaintiff's supervisor

at the time noted that "[b]ased on [Plaintiff's] complaints of chronic pain, the negative impact to her condition with weather fluctuations, as well as other contributing factors, it is not expected that Plaintiff will be able to maintain full time employment. . . ." (Tr. 251.)

B.      The ALJ's Decision

ALJ Kathryn D. Burgehardt issued her decision on May 25, 2011 denying Plaintiff DIB. (Tr. 11-24.)  In reaching her decision, ALJ Burgehardt followed the five-step sequential evaluation process for evaluating disability claims.  (Tr. 14-24.)  ALJ Burgehardt found that Plaintiff met the insured status requirements through December 31, 2013.  (Tr. 16.)  ALJ Burgehardt found that Plaintiff has not engaged in substantial gainful activity since July 17, 2009.  (Tr. 16.)  ALJ Burgehardt found that Plaintiff had the following severe impairments: fibromyalgia, osteoarthritis, and degenerative disc disease of the c-spine.  (Tr. 16-17.)  ALJ Burgehardt found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments described in Appendix 1 of the Social Security Regulations.  (Tr. 17-18.)  ALJ Burgehardt found Plaintiff's residual functional capacity ("RFC") to be as follows:

> to perform light work as defined in 20 C.F.R. 404.1567(b) except she is able to lift and carry 20 pounds occasionally and 10 pounds frequently.  She can also push and pull with her upper and lower extremities within the aforementioned weight restrictions.  She is able to stand and/or walk (with normal breaks) for a total of 6 hours in an 8-hour workday.  She is able to sit (with normal breaks) for a total of 6 hours in an 8-hour workday.  She can occasionally climb, stoop, crouch, kneel, and crawl.  She should avoid ladders, ropes, and scaffolds.  She can frequently but not constantly perform bilateral fingering.  She is able to do semi-skilled work required up to six months to learn.

(Tr. 18-19.)  ALJ Burgehardt found that Plaintiff was able to perform past relevant work such as post-office clerk and customer service office helper.  (Tr. 22-23.) Based on a vocational expert's testimony, which in turn was predicated on ALJ Burgehardt's functional capacity determination

and in consideration of Plaintiff's age, education, and work experience, ALJ Burgehardt found that Plaintiff could perform additional occupations.  (Tr. 22-24.)

Therefore, ALJ Burgehardt concluded that Plaintiff was not disabled.  (Tr. 24.)

### C.     Procedural History

Plaintiff appealed the ALJ's decision.  (Tr. 9-10.)  On October 18, 2012, the Appeals Council denied Plaintiff's request for review.  (Tr. 1-5.)  Plaintiff appeals that decision by bringing this lawsuit.  (ECF No. 1.)

## II.    LEGAL STANDARDS

### A.     Standard of Review

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.  *Id*. (citation omitted).  "It requires more than a scintilla, but less than preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).

Although a district court will "not reweigh the evidence or retry the case," it "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (citation omitted); *see also* 42 U.S.C. § 405(g). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes a mere conclusion."  *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (citation omitted).  In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the agency.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) (citation

omitted).  As the Tenth Circuit Court of Appeals observed in *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993), the ALJ also has a basic duty of inquiry to "fully and fairly develop the record as to material issues."  This duty exists even when the claimant is represented by counsel.  *Id.* at 480 (citations omitted).

Also, "[t]he failure to apply the correct legal standard or to provide [a reviewing] court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation and internal quotation marks omitted); *see also Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (holding that "the Secretary's failure to apply the correct legal standards, or to show us that [he] has done so, are . . . grounds for reversal") (citation omitted).

**B.      Evaluation of Disability**

The criteria to obtain DIB under Title II of the Act are that a claimant meets the insured status requirements, is younger than 65 years of age, files an application for a period of disability, and is under a "disability" as defined under Title II of the Act.  42 U.S.C. §§ 416(i), 423(a); *Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002); *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991).  In addition, the individual's disability must have begun before his or her disability-insured status has expired.  20 C.F.R. § 404.101(a); Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *8 (1983).

The Act defines an individual as disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he

would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A); *accord Barnhart*, 535 U.S. at 214-15.

There is a five-step sequence for evaluating a disability. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step analysis). If it is determined that a claimant is or is not disabled at any point in the analysis, the analysis ends. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991) (citation omitted). First, the claimant must demonstrate that he or she is not currently involved in any substantial, gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must show a medically severe impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *Id*. at § 404.1520(c). Third, if the impairment matches or is equivalent to an established listing under the governing regulations, the claimant is judged conclusively disabled. *Id*. at § 404.1520(d). If the claimant's impairment does not match or is not equivalent to an established listing, the analysis proceeds to fourth step. *Id*. at § 404.1520(e). Fourth, the claimant must show that the "impairment prevents [him or her] from performing work [he or she] has performed in the past." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (citations omitted); *accord* 20 C.F.R. § 404.1520(f). If the claimant is able to perform his or her previous work, he or she is not disabled. 20 C.F.R. § 404.1520(f). Fifth, the Commissioner must demonstrate: (1) that based on the claimant's residual functional capacity ("RFC"), age, education, and work experience, the claimant can perform other work; and (2) the work that the claimant can perform is available in significant numbers in the national economy. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987) (citation omitted); *see also* 20 C.F.R. § 404.1520(g).

## III.   ANALYSIS

Plaintiff raises several issues for consideration, including:  (1) that the ALJ erred in her consideration of Dr. Michael's opinion (ECF No. 13 at 7-14); (2) that the ALJ erred in her RFC determination (*see generally* ECF No. 13); (3) that the ALJ failed to address specific medical opinions from Drs. Michael and Kelley (ECF No. 13 at 14-17); (4) that the ALJ failed to considered all the record evidence, *i.e.*, Plaintiff's former employer's opinion (ECF No. 13 at 18-21); and (5) that the ALJ erred in his credibility determination of Plaintiff's subjective complaints (ECF No. 13 at 21-25).  Boiled to its essence, Plaintiff argues that, when fashioning her RFC, the ALJ improperly considered, weighed, or disregarded medical evidence.

Because the Court finds that the ALJ committed legal error in the following regard: failing to provide the Court with a sufficient basis to determine that the correct legal standards have been applied with respect to Drs. Michael and Kelley's medical opinions, the Court vacates Defendant's decision and remands for further proceedings.

### A.   Proper Construction of an RFC

The RFC is an assessment of the most a claimant can do despite his or her limitations.  20 C.F.R. § 404.1545(a)(1).  The ALJ determines the RFC "based on all the relevant evidence in [the claimant's] case record." *Id*.  Examples of the types of evidence required to be considered in making an RFC assessment are the claimant's medical history, medical signs and laboratory findings, and medical source statements.  Soc. Sec. Ruling (SSR) 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

In fashioning an RFC, the Commissioner is required to consider *all* relevant medical opinions.  20 C.F.R. § 404.1527(c); *see Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)).  "Medical opinions are statements from physicians and

psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite impairment(s), and [claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).  Included within the meaning of "acceptable medical sources" are licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. *Id.* at § 404.1513(a)(1)-(5). Opinions of "other medical sources," such as nurse practitioners, physician's assistants, and licensed clinical social workers are, by definition, not "medical opinions." *Id*. at § 404.1513(d).

If a claimant provides a medical opinion from a treating source, the Commissioner may give controlling weight to that opinion. *Id*. at § 404.1527(c)(2).  If the Commissioner chooses not to defer to the treating source, or there is no treating source in evidence, the Commissioner must weigh all of the following factors in deciding the weight to give each proffered medical opinion:  (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id*. at § 404.1527(c)(2)-(6); *see also Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001) (citation omitted).

"After considering the pertinent factors, the ALJ must give good reasons in the notice of determination or decision for the weight he ultimately assigns the opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quotation marks, citation, and brackets

omitted).  The ALJ is required to weigh every relevant medical opinion he or she receives.  *See* 20 C.F.R. § 404.1527(c)-(d).

       1.    <u>The ALJ Erred by Failing to State the Weight Given to Dr. Michael's Medical Opinions</u>

Plaintiff argues that the ALJ erred by failing to state the weight given to Dr. Michael's medical opinions. (ECF No. 13 at 7-9.)  Defendant concedes that the ALJ "did not specifically state the weight that she gave [Dr. Michael's fingering] limitations."  (ECF No. 14 at 11.)  But Defendant contends that "the record provides ample support for the ALJ's RFC that included the limitation to finger frequently, but not continuously."  (ECF No. 14 at 11 (citation omitted).)

The Court disagrees with Defendant's assertion and finds that it was error for the ALJ not to adequately state and explain what weight she gave to Dr. Michael's fingering limitations[2] and other medical opinions.  20 C.F.R. § 404.1527(e)(2)(ii) ("[T]he administrative law judge must explain in the decision the weight given to the opinions . . . of any treating, non-treating and non-examining sources. . . .");  *accord Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (holding that an ALJ's reasons must be sufficiently specific to make clear to any subsequent reviewers the weight given to the medical opinion, and the reasons for that weight); *accord Watkins*, 350 F.3d at 1301.  The Court notes that the ALJ did identify that he gave "great weight to all of the specialists' assessments and findings because they are specialists in their field and had an opportunity to review all of the claimant's tests, MRI, x-rays, and the claimant's complete medical records."  (Tr. 21-22.)  This statement, however, does not explain adequately to the

---

[2] To the Court, there appears to be a facial inconsistency between the ALJ's RFC determination and Dr. Michael's opinion as to Plaintiff's fingering abilities.  The ALJ found that Plaintiff "can frequently but not constantly perform bilateral fingering."  (Tr. 19.)  Dr. Michael, however, limited Plaintiff to performing "fingering occasionally."  (Tr. 21 (citing Tr. 589).)  And the ALJ "included [Dr. Michael's assessment] in the residual functional capacity."  (Tr. 21.)  This seeming facial inconsistency as to the ALJ's RFC determination with respect to Plaintiff's fingering limitations compounds the Court's inability to determine the weight the ALJ afforded to Dr. Michael's medical opinions.

Court what weight, if any, the ALJ afforded Dr. Michael's medical opinions. *See Watkins*, 350 F.3d at 1301.

While the Court is not passing judgment on the proper weight that should be accorded Dr. Michael's medical opinions, the ALJ's failure to articulate the weight given to the various medical opinions constitutes reversible error and this case will be vacated and remanded on this basis. *See Hamlin*, 365 F.3d at 1215; *Jensen*, 436 F.3d at 1165; *Winfrey*, 92 F.3d at 1019.

       2.     <u>The ALJ Erred by Failing to Consider Dr. Kelley's 2008 Medical Opinion</u>

Plaintiff argues that the ALJ erred in not considering Dr. Kelley's 2008 medical opinion based upon an examination related to Plaintiff's former employment. (ECF No. 13 at 16-17 (citing Tr. 355-58).)

The report contains an opinion as to Plaintiff's capacity to sustain various activities over a normal workday and workweek. (Tr. 357.) Amongst other things, Dr. Kelley's report (*see* Tr. 355-58) states that

> [F]indings on examination are consistent with generalized fibromyalgia syndrome and mild, diffuse multiple-joint osteoarthritis. The patient's medical condition meets the criteria of FMLA Category 4. She requires periodic visits with her primary care physician. Her condition has extended over a period of many years. She also has episodic incapacity even though she has chronic daily symptomatology. The patient's medical condition is serious enough to cause incapacity and inability to work at times. The likely duration and frequency of incapacity is 1 to 2 days per month due to her medical condition. She should continue to be limited to 6 hours of work per day. Since it is better for the patient's medical condition, she should not be required to work after 3:00 p.m. The probable duration of her need for these restrictions is permanent for her working time at the U.S. Postal Service.

(Tr. 357).

In her decision, ALJ Burgehardt did not mention Dr. Kelley's medical opinion in conjunction with Plaintiff's severe impairments. (*See generally* Tr. 14-24.)

In *Victory v. Barnhart*, 121 F. App'x 819 (10th Cir. Feb. 4, 2005) (unpublished), the claimant submitted reports from a doctor about his examination and treatment of the claimant. *Id*. at 824-25. The ALJ's decision denying benefits completely omitted the doctor's reports and opinions, and gave no reason for the omission. *Id*. The Tenth Circuit stated: "[t]his was, of course, clear legal error." *Id*. (citation omitted); SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996) ("[O]pinions from any medical source about issues reserved to the Commissioner must never be ignored."). Based on this precedent, the Court finds that ALJ Burgehardt erred by failing to consider Dr. Kelley's medical opinion.

Defendant argues that the ALJ considered Dr. Kelley's opinion because the ALJ stated that she considered the entire record. (ECF No. 14 at 16-17.) Further, Defendant argues that Dr. Kelley's examination pre-dated the alleged onset date of Plaintiff's disability. (ECF No. 14 at 16-17.)

In this case, it is not clear to the Court that ALJ Burgehardt considered Dr. Kelley's medical opinion. (*See generally* Tr. 14-24.) While it is true, that the Court's general practice is to take a lower tribunal at its word when it declares that it has considered a matter, *see Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007), in this matter such general practice is inappropriate. The ALJ specifically identified that she considered Dr. Michael's 2009 examination notes (Tr. 20-21 (citing Tr. 413-31)), neurologists' examinations (Tr. 20-21 (citing (Tr. 482-93, 396-98)), and orthopedic specialists' examinations (Tr. 20-21 (citing (Tr. 440-47, 466-78, 529-31, 573-78)). The ALJ makes no such comment with respect to Dr. Kelley's examination. (*See generally* Tr. 14-24.) Therefore, the Court is left with the impression that the ALJ did not consider all of the required medical opinions. Though one could speculate that ALJ

Burgehardt would have reached the same result had she considered Dr. Kelley's opinion; the Court cannot engage in such speculation.

With respect to Defendant's argument that Dr. Kelley's opinion predates Plaintiff's alleged disability onset date, medical records prior to the operative onset date are relevant to the claimant's medical history and must be considered by the ALJ. 20 C.F.R. § 404.1527(c); *see Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004).

The Court can evaluate the ALJ's decision "based solely on the reasons stated in the decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (citation omitted); *see also Love v. Astrue*, Case No. 10-1278-JWL, 2011 WL 2670095, at *7 (D. Kan. July 7, 2011) (district court may not rely on Commissioner's *post hoc* rationalization to affirm the ALJ's decision). ALJ Burgehardt's decision does not show that she considered Dr. Kelley's medical opinion and this failure was in error.

Because the ALJ failed to consider Dr. Kelley's medical opinion, the Court must remand this matter on this additional basis. *Robinson*, 366 F.3d at 1085; *Threet v. Barnhart*, 353 F.3d 1185, 1192 (10th Cir. 2003) (failure to consider all relevant evidence in accordance with the regulations necessitates remand).

### B.     The Court Does Not Reach Plaintiff's Other Arguments

Because these errors (*see supra* Sections III.A.1 & III.A.2) alone require remand, the Court does not address the other arguments raised by Plaintiff. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, the court declined to address other issues raised on appeal); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand."). The Court expresses no opinion as

to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered.  The Court does not intend by the opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties as well as the ALJ to consider the evidence and the issues anew.

IV.    **CONCLUSION**

Based on the foregoing, the Court:

(1)    VACATES Defendant's denial of disability insurance benefits; and

(2)    REMANDS to the Commissioner for further fact finding as directed in this Order pursuant to sentence four in 42 U.S.C. § 405(g).

DATED this 12th day of June, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge